IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KARNELL NELSON, #N91564,<br>COREY EGNER, #S14263,<br>DONALD HULET, #M06288 | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 19-cv-482-SMY |
| WEXFORD HEALTHCARE PROVIDERS,<br>JOHN BALDWIN,<br>ILLINOIS DEPARTMENT OF CORRECTIONS,<br>JEFFRY DENNISON,<br>and KAREN SMOOT, | ) ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court *sua sponte* for case management. Plaintiffs Karnell Nelson, Corey Egner, and Donald Hulet, three inmates of the Illinois Department of Corrections ("IDOC") currently incarcerated at Shawnee Correctional Center ("Shawnee"), bring this civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations. Plaintiffs assert claims under the Eighth Amendment related to conditions of confinement and mental health care. (Doc. 1). They seek declaratory judgment, money damages, and injunctive relief. (Doc. 1, p. 6). All Plaintiffs signed the Complaint. (Doc. 1, p. 6). The filing fee has not been paid and only Plaintiff Nelson filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 3). The Court deems it necessary to address several preliminary matters before completing a merits review under 28 U.S.C. § 1915A.

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the

1

Court must advise them of the consequences of proceeding in this manner (including their filing fee obligations) and give them an opportunity to withdraw from the case or sever their claims into individual actions.

The Seventh Circuit addressed the difficulties in administering group prisoner Complaints in *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). District courts are required to accept joint Complaints filed by multiple prisoners if the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." That said, a district court may turn to other rules of civil procedure to manage a multi-plaintiff case. For example, if appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854. Additionally, in reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

There are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are three plaintiffs, the plaintiffs' postage and copying costs for filing motions,

briefs, or other papers will be three times as much as that of a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. On the other hand, a prisoner litigating jointly assumes those risks for all of the claims in the group Complaint, whether or not they concern him personally. Also, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases, each of which involves an additional filing fee obligation and the risk of a "strike" within the meaning of 28 U.S.C. § 1915(g). Plaintiffs may wish to consider *Boriboune* and the afore-mentioned factors in determining whether to assume the risks of group litigation.

Because of the aforementioned potential negative consequences of joining group litigation in federal courts, the Court offers Plaintiffs an opportunity to withdraw from this litigation before the case progresses further. Each Plaintiff should consider the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he may be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group Complaint, he will be required to pay a full filing fee, either

3

in installments or in full, depending on whether he qualifies for
indigent status under §§ 1915(b) or (g).[1]

Additionally, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed must be signed by each plaintiff. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement will be stricken pursuant to Rule 11(a).

### Disposition

**IT IS HEREBY ORDERED** that each named Plaintiff shall advise the Court in writing on or before **June 10, 2019**, whether he wishes to continue as a Plaintiff in this group action. If, by that deadline, any non-lead Plaintiff advises the Court that he does ***not*** wish to participate in the action, he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action. **This is the *only* way to avoid the obligation to pay a filing fee for this action.**

**IT IS ALSO ORDERED** that if any Plaintiff wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and his claims shall be severed into a new action where a filing fee *will* be assessed in lieu of a filing fee in *this* case.

**Any Plaintiff who simply does not respond to this Order on or before June 10, 2019, *will* be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).** In addition, Plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

stricken pursuant to Rule 11(a).

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. Further action by Plaintiffs is required before the Court can complete its preliminary review of this matter under Section 1915A. When this review is completed, a copy of the Court's screening order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to send a copy of this order to each Plaintiff.

**IT IS SO ORDERED.**

**DATED: May 9, 2019**

*s/ Staci M. Yandle*_____
**Staci M. Yandle**
**United States District Judge**
