## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KARNELL NELSON, #N91564,<br>COREY EGNER, #S14263,<br>DONALD HULET, #M06288<br><br>        Plaintiffs,<br><br>  vs.<br><br>WEXFORD HEALTHCARE PROVIDERS,<br>JOHN BALDWIN,<br>ILLINOIS DEPARTMENT OF CORRECTIONS,<br>JEFFRY DENNISON,<br>and KAREN SMOOT,<br><br>        Defendants. | Case No. 19-cv-482-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiffs Karnell Nelson, Corey Egner, and Donald Hulet filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations. Plaintiffs assert claims under the Eighth Amendment related to conditions of confinement and mental health care. (Doc. 1). They seek declaratory judgment, money damages, and injunctive relief. (Doc. 1, p. 6). All Plaintiffs signed the Complaint. (Doc. 1, p. 6). The filing fee was not paid and only Plaintiff Nelson filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 3).

On May 10, 2019, the Court entered an Order pursuant to *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), advising Plaintiffs about the risks, obligations, and costs associated with group litigation. (Doc. 10). Each Plaintiff was given an opportunity to withdraw from the case and/or sever his claims into an individual action that would be subject to a filing fee in lieu of the filing fee charged for this action. *Id.* On May 20, 2019, Plaintiff Karnell Nelson notified the Court in

1

writing that he wished to proceed in this case. (Doc. 12). Plaintiff Corey Egner also notified the Court in writing that he wished to proceed and filed a Motion for Leave to Proceed *in forma pauperis*. (Docs., 16, 23).

On May 31, 2019, Plaintiff Donald Hulet filed a notice stating he wished to proceed in a separate action in accordance with the *Boriboune* Order. (Doc. 24). His request was docketed as a Motion to Sever. *Id.* He has also filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 13) and two Motions for Appointment of Counsel (Docs. 18 and 19). Pursuant to Hulet's request, the Clerk of Court will be directed to sever his claims in the Complaint into a new case and to terminate him as a party in this case.

Accordingly, **IT IS ORDERED** that the Motion to Sever (Doc. 24) is **GRANTED**, Plaintiff **DONALD HULET** is **DISMISSED** as a Plaintiff in the instant case, and his Motion for Leave to Proceed *in forma pauperis* (Doc. 13),and his two Motions for Appointment of Counsel (Docs. 18 and 19) are **DENIED** as **MOOT** herein.

The Clerk of Court is **DIRECTED** to **TERMINATE** Donald Hulet as a Plaintiff herein and **OPEN** a newly-severed case to address his claims. The new case should be captioned: **DONALD HULET, Plaintiff vs. WEXFORD HEALTHCARE PROVIDERS, JOHN BALDWIN, ILLINOIS DEPARTMENT OF CORRECTIONS, JEFFRY DENNISON, AND KAREN SMOOT, Defendants.**

The Clerk is also **DIRECTED** to file the following documents in the newly-severed case:
1) The Complaint (Doc. 1);
2) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 13);
3) Plaintiff's two Motions for Appointment of Counsel (Docs. 18 and 19);
4) This Memorandum and Order.

Hulet is not required to pay a filing fee for the instant case but he is obligated to do so in the newly-

severed case.

Plaintiffs are **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 4, 2019**

*s/ Staci M. Yandle*_____
**Staci M. Yandle**
**United States District Judge**