# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KARNELL NELSON, #N91564,<br>COREY EGNER, #S14263,<br><br>    Plaintiff,<br><br>vs.<br><br>WEXFORD HEALTHCARE PROVIDERS,<br>JOHN BALDWIN,<br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS,<br>JEFFRY DENNISON, AND<br>KAREN SMOOT,<br><br>    Defendants. | Case No. 19-cv-00482-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Karnell Nelson and Corey Egner, inmates in the custody of the Illinois Department of Corrections ("IDOC"), bring this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of their constitutional rights that occurred while they were incarcerated at Shawnee Correctional Center ("Shawnee"). Plaintiffs claim that inmates with mental health issues incarcerated at Shawnee are subjected to cruel and unusual conditions of confinement and are denied adequate mental health treatment. They seek injunctive relief and monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed.

1

28 U.S.C. § 1915A(b).

**The Complaint**

Plaintiffs make the following allegations in the Complaint: The conditions of confinement for inmates on crisis watch at Shawnee are unsanitary and unhealthy. (Doc. 1, p. 4). Inmates are placed in cells that are constantly lit, covered in human waste, and have soiled, old mattresses. Because the windows are broken, the temperature in the cells becomes unbearably hot or cold. Inmates on crisis watch are also deprived of their property and left without shoes to wear or hygiene products. Jeffry Dennison is the Chief Administrative Officer at Shawnee and is responsible for the operation and conditions of the facility. (*Id.* at 4-5).

The mental health needs of inmates at Shawnee are not being properly met by Wexford Healthcare Providers. (*Id.* at 5). They are understaffed and it can take weeks to be seen by a mental health provider. When an inmate sees a provider, the meeting lasts under five minutes and there is no therapy. This is a violation of Plaintiffs' rights under the Americans with Disabilities Act ("ADA"). Wexford Healthcare Providers, Karen Smoot (the health care unit administrator/ADA coordinator), and Jeffry Dennison (the Chief Administrative Officer) are involved in the violation.

The mental health providers have too much freedom in determining an inmate's level of mental health functioning. Inmates that have been designated as having a serious mental illness ("SMI") are, without reason, no longer being designated as such, which can affect the level of treatment received. Plaintiff Egner was designated SMI from 2016-2018, but that changed in 2019 despite him experiencing the same mental health issues. (*Id.* at 5, 8). Plaintiff Nelson was designated SMI for many years, but was suddenly changed despite facing the same mental health issues. (*Id.* at 8). Because of the change in designation, Plaintiffs are not receiving the appropriate

level of treatment and have no restrictions on placement in segregation or throughout the facility. The SMI designation is overseen by Mental Health Supervisor Justice and Smoot.

The inadequate mental health treatment is an ongoing situation for Plaintiffs and many other inmates at Shawnee. Plaintiffs have been placed on crisis watch on a number of occasions. Director Baldwin is responsible for overseeing IDOC's operation. Wexford Health Care is responsible for the treatment of mentally ill inmates.

At some point, Plaintiffs have been harassed by staff because of their mental health issues and level of functioning. (*Id.* at 9). Plaintiff Nelson has been harassed by Nurse Casey Lee-Rece, Ms. Smooch, Lt. Browning, and C/O Anderson. Plaintiff Egner has been harassed by C/O Bernard and other officers.

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Counts:

> **Count 1:** **Eighth Amendment claim of unconstitutional conditions of confinement of inmates on crisis watch for mental health reasons.**
>
> **Count 2:** **Eighth Amendment claim of deliberate indifference to a serious medical need by providing inadequate mental health treatment to inmates.**
>
> **Count 3:** **American with Disabilities Act ("ADA") claim for failing to accommodate inmates with mental health needs by not providing regular appointments with mental healthcare professionals.**
>
> **Count 4:** **Eighth Amendment claim against staff for harassing Plaintiffs because of their mental health and level of functioning.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of the Court. The designations do not constitute an opinion regarding their merit. **Any other intended claim that has not been recognized by the**

**Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]**

## Preliminary Dismissals

Plaintiffs make allegations against Mental Health Supervisor Justice, Nurse Casey Lee-Rece, Ms. Smooch, Lt. Browning, C/O Anderson, C/O Bernard, and other officers, but those individuals are not identified as defendants in the case caption. The Court will not treat individuals not listed in the caption as defendants, and any claims against them are considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

## Discussion

The Complaint does not survive preliminary review under 28 U.S.C. § 1915A and will be dismissed. Section 1983 creates a cause of action based on personal liability and predicated upon fault. Therefore, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). To state a claim against a defendant, a plaintiff must describe what each named defendant did or failed to do that violated the plaintiff's constitutional rights. The plaintiff is also required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *See Twombly*, 550 at 555; FED. R. CIV. P. 8(a)(2).

Here, Plaintiffs have failed to describe what specifically happened to them that constituted a deprivation of their rights. The Complaint asserts that constitutional violations are generally

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

occurring with respect to inmates with mental health needs at Shawnee, but it is unclear which of those violations involve Plaintiffs. The Court will only consider alleged harms specifically to Plaintiffs – not to the inmate population generally. *Massey v. Helman*, 196 F.3d 727, 739-40 (7th Cir. 1999).

Further, Plaintiffs fail to associate the allegations in the Complaint with any named defendant. The allegations against Wexford Healthcare Providers fail to attribute personal liability to any individual who may be in that group.[2] As for Baldwin, Dennison, and Smoot, Plaintiffs do not describe how they were personally involved in the alleged deprivations of their constitutional rights. (Doc. 1, p. 5). Instead, they claim those defendants are responsible based on their administrative positions. But prison officials cannot be held liable based solely on their positions as administrators as the doctrine of *respondeat superior* does not apply to section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Finally, as a state agency, IDOC is not a "person" that may be sued under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Moreover, although IDOC is a proper defendant for a claim under the ADA, Plaintiffs do not provide the factual detail necessary to support this claim. *See* 42 U.S.C. § 12131(1)(b); *Jaros v. Ill. Dep't of Corr.*, 685 F.3d 667, 671, 670 n.2 (7th Cir. 2012).

For the above-stated reasons, the Complaint will be dismissed without prejudice. However, Plaintiffs will be given an opportunity to re-plead their claims in a First Amended Complaint if they wish to proceed with this case. When preparing a First Amended Complaint, Plaintiff should identify each defendant in the case caption and set forth sufficient allegations against each

---

[2] Additionally, to state a Section 1983 claim against an individual or entity, a Plaintiff must specifically identify the individual or entity by name or Doe designation, not by a group designation. *Twombly*, 550 U.S. at 555; Fed.R.Civ.P. 8(a)(2).

defendant to describe what the defendant did or failed to do to violate their constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiffs should attempt to include the facts of their case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiffs should refrain from filing unnecessary exhibits. Plaintiffs should include only related claims in the First Amended Complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

Plaintiffs are reminded of the following issues related to bringing their claims jointly in a single lawsuit. Federal Rule of Civil Procedure 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." However, if appropriate, claims may be severed pursuant to Rule 20(b), parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune v. Berge*, 391 F.3d 852, 854 (7th Cir. 2004).

Additionally, while a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11," a prisoner litigating jointly assumes those risks for all of the claims in the group Complaint and any Amended Complaint, whether or not they concern him personally. *Boriboune*, 391 F.3d at 854-55. Also, if the Court finds that the Complaint (or Amended Complaint) contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases, each of which involves an additional filing fee obligation and the risk of a "strike" within the meaning of 28 U.S.C. § 1915(g). Further, all pleadings, including a motion or proposed amended complaint,

6

must be signed by each Plaintiff. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Plaintiffs are WARNED that group motions, proposed amended complaints, or other pleadings that do not comply with this requirement will be stricken pursuant to Rule 11(a).

As a final matter, Plaintiff Nelson filed a Supplement that includes various documents and another statement of claim (Doc. 25). The purpose of the additional statement of claim was not included with the filing. The Supplement includes a restatement of the conditions of confinement and deliberate indifference claims that pertain only to Plaintiff Nelson against individuals who are not named defendants. (*Id.* at 22-26). It is signed only by Plaintiff Nelson. As such, the Supplement will be stricken as an improper attempt at a piecemeal amendment to the original Complaint and because it is signed by only one Plaintiff.

## Pending Motions

### *Motion for Recruitment of Counsel*

Plaintiffs have each filed a Motion for Recruitment of Counsel (Docs. 27, 35). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Plaintiff Nelson discloses no efforts to locate counsel on his own. Plaintiff Egner states he

7

has written to attorneys but provided the name of only one law firm. The Court finds that Plaintiffs have not made reasonable attempts to secure counsel on their own. If Plaintiffs chose to renew their request for counsel, they should give the Court rejection letters from at least three attorneys to prove that they have made reasonable efforts to obtain counsel on their own. The Motions for Recruitment of Counsel (Docs. 27, 35) are **DENIED** without prejudice.

*Motion to be Reinstated as a Plaintiff*

This case was originally filed by three plaintiffs – Nelson, Egner, and Donald Hulet. The Court issued a *Boriboune* Order advising Plaintiffs of the consequences of group litigation. (Doc. 10). Hulet then elected to sever his claims. (Doc. 24). As a result, he was dismissed as a Plaintiff (Doc. 28) and a new case was opened, SDIL Case No. 19-cv-00609-SMY. Hulet now seeks to be added as a Plaintiff in this case because his case has been dismissed and his motion for recruitment of counsel was denied. (Doc. 36). He is under the impression that counsel has been appointed for Nelson and Egner.

Hulet's request is based on incomplete and incorrect information. Nelson and Egner have not been appointed counsel, and the Complaint in this case is being dismissed for the same reasons the Complaint in Hulet's case was dismissed. The Court notes that Hulet's Complaint was dismissed without prejudice and he has an opportunity to file an Amended Complaint. Hulet's motion to be reinstated as a Plaintiff will be **DENIED**.

## Disposition

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Complaint (including Counts 1, 2, 3, and 4) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Supplement (Doc. 25) is **STRICKEN**.

**IT IS FURTHER ORDERED** that the Motions for Recruitment of Counsel (Docs. 27, 35) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Motion to be Reinstated as a Plaintiff (Doc. 36) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs are **GRANTED** leave to file a "First Amended Complaint" on or before **SEPTEMBER 23, 2019**. Should Plaintiffs fail to file their First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of each Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiffs must re-file any relevant exhibits they wish the Court to consider. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiffs decide to file a First Amended Complaint, it is strongly recommended that Plaintiffs use the civil rights complaint form designed for use in this District. They should label the form, "First Amended Complaint," and they should use the case number for this action (No. 19-cv-00482-SMY). To enable Plaintiffs to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiffs a blank civil rights complaint form.

Plaintiffs are further **ADVISED** that their obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiffs elect to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiffs are **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court informed of any change in their address; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: AUGUST 21, 2019**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**