**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KARNELL NELSON, #N91564,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-482-SMY** |
| | ) | |
| **JEFFREY DENNISON,** | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| **WEXFORD HEALTHCARE, and** | ) | |
| **MHP BETTIS,** | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Karnell Nelson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts several claims related to his time in custody at Shawnee Correctional Center ("Shawnee"), including Eighth Amendment conditions of confinement and deliberate indifference to a serious mental health problem.  He seeks injunctive and monetary relief.

The Amended Complaint (Doc. 47)[1] is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant

---

[1] Plaintiff originally filed his claims as part of a multi-plaintiff suit. The Co-Plaintiffs' claims were severed into newly filed cases and the original Complaint was dismissed with leave to amend. Plaintiff's Amended Complaint was filed on December 16, 2019.

must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Amended Complaint**

Plaintiff makes the following allegations in his Amended Complaint:  In March 2019, Plaintiff was placed in a crisis watch cell that was filthy, continually lit, without hygiene supplies, and with a broken window.  (Doc. 47, p. 3).  He complained about the conditions to Bettis, a mental health professional, but she refused to have him moved or to otherwise address the problem.  (*Id.*).  Plaintiff was also denied relief by Dennison, Shawnee's former warden.  (*Id.*).

Although Plaintiff told officials he wanted to hurt himself, "they" only met with him for three minutes and did not check on him until the following day.  "They" also changed his designation from Seriously Mentally Ill ("SMI") to Not SMI, resulting in "treatment [being] delayed and denied."  (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to organize this *pro se* action into the following Counts:

> **Count 1:**   **Eighth Amendment deliberate indifference claim against Bettis and Dennison for subjecting Plaintiff to unconstitutional conditions of confinement.**
>
> **Count 2:**   **Eighth Amendment deliberate indifference to a serious medical condition claim against Defendants.**
>
> **Count 3:**   **Fourteenth Amendment due process claim against Defendants for changing Plaintiff's SMI designation.**

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Discussion

### Preliminary Dismissals

Plaintiff names Wexford Healthcare ("Wexford") in the case caption, but does not assert any allegations against Wexford in the body of the Complaint.  Plaintiffs are required to associate specific defendants with specific claims; merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Additionally, Wexford "cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself."  *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014).  Accordingly, Wexford will be dismissed from this action without prejudice.

IDOC, also listed in the caption as a defendant, will be dismissed without prejudice.  IDOC, a state governmental agency, cannot be sued for money damages.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").  To the extent Plaintiff seeks injunctive relief, Lu Walker, in his official capacity as the Warden of Shawnee, is the proper defendant.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

### Count 1

Plaintiff has adequately stated a claim against Dennison and Bettis for deliberate indifference to unconstitutional conditions of confinement.

### Count 2

The Amended Complaint suggests that *someone* at Shawnee may have exhibited deliberate indifference to Plaintiff's serious mental health condition by delaying and/or denying necessary mental health treatment.  However, the allegations are vague and are not directed against any

particular defendant.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Here, the claims in question are directed against "they" and it is unclear which of the named defendants (if any) are associated with these claims.  Accordingly, Count 2 will be dismissed.

**Count 3**

Plaintiff has failed to plead a cognizable claim in connection with changing his SMI designation.  First, as with Count 2, this claim is not associated with a particular defendant.  Second, in order to have a viable due process claim, a plaintiff must have a protected liberty interest.  *Meachum v. Fano*, 427 U.S 215, 223-24 (1976).  SMI is not a medical diagnosis but rather an administrative designation or classification, and an inmate does not have a protected interest in a particular classification.  *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments.").  Count 3 will therefore be dismissed.

**<u>Appointment of Counsel</u>**

Plaintiff's Motion for Recruitment of Counsel (Doc. 48) is **DENIED**.[3]  Plaintiff discloses several unsuccessful efforts to contact attorneys.  (Doc. 47, pp. 5-9).  Thus, he appears to have made reasonable efforts to retain counsel on his own.  He indicates that he has some grade school education and has checked the box indicating that he does not "speak, write, and/or read English very well" (with no additional explanation).  These alleged impediments suggest that, as this action

---

[3] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

4

progresses, Plaintiff may have difficulty proceeding *pro se* and may require the assistance of counsel. That said, the Court declines to appoint counsel at this time.  Plaintiff's Complaint survives screening and there is no need to appoint counsel at this early stage.  Once Defendants have answered the Amended Complaint and discovery has commenced, Plaintiff may refile his motion if he has significant difficulty proceeding on his own.

### Disposition

**COUNT 1** will proceed against Defendants Dennison and Bettis. **COUNTS 2** and **3** are **DISMISSED without prejudice**.  The Illinois Department of Corrections and Wexford Healthcare are **DISMISSED without prejudice**.  The Clerk of Court is **DIRECTED** to **ADD** Lu Walker, in his official capacity as the Warden of Shawnee, as a Defendant for the purpose of carrying out any injunctive relief that might be awarded.

The Clerk of Court shall prepare for Defendants Dennison, Bettis, and Walker (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant**

**to Administrative Order No. 244, Defendant needs only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 2, 2020**

*/s/ Staci M. Yandle*
**STACI M. YANDLE**
**U.S. District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**