**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KARNELL NELSON**, #N91564 ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00482-SMY |
| ) | |
| **JEFFREY DENNISON, TIFFANY** ) | |
| **BETTIS, and LU WALKER,** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE AND ORDER

This case is before the Court for case management purposes. The Court screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A on June 2, 2020 (Doc. 50) and Defendant Tiffany Bettis was sent a request for Waiver of Service of Summons on June 3, 2020 (Doc. 51). An executed Waiver of Service was returned by Bettis on June 3, 2020.  As such, her responsive pleading was due to be filed on or before August 3, 2020.  (Doc. 53).  To date, Bettis has failed to move, answer, or otherwise plead in response to the Amended Complaint.[1]

Pursuant to Federal Rules of Civil Procedure 55(a), the Clerk of Court must enter default against a defendant who has failed to plead or otherwise defend within the prescribed time frame. Accordingly, the Court **ORDERS** as follows:

1) The Clerk of Court is **DIRECTED** to **ENTER DEFAULT** against Defendant Bettis in accordance with Federal Rule of Civil Procedure 55(a).

2) Plaintiff is **ORDERED** to move for default judgment against Defendant Bettis within 14 days of the date of this Order in accordance with Federal

---

[1] The screening order directed Defendants to "timely file an appropriate responsive pleading to the Amended Complaint" and states that Defendants "shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g)." (Doc. 50, p. 5). Because the Court specifically ordered Defendants to respond to the Amended Complaint, Defendant Bettis cannot rely on the Prison Litigation Reform Act to avoid the entry of default. 42 U.S.C. § 1997e(g)(2). *See* e.g., *Vinning v. Walks*, 2009 WL 839052, *1 n.2 (S.D. Ill. Mar. 31, 2009) (default against defendant was proper because the Court exercised its authority under 42 U.S.C. § 1997e(g)(2) by directing the defendant to file a reply to plaintiff's complaint, and the defendant "disregarded that direct [o]rder").

Rule of Civil Procedure 55(b).

3) If Plaintiff fails to move for default judgment as set forth in this Order, Defendant Bettis will be dismissed for Plaintiff's failure to prosecute his claim against her and/or failure to comply with an order of the Court.

4) The Clerk of Court is **DIRECTED** to transmit a copy of this Order and the entry of default to Plaintiff and Defendant Bettis.

**IT IS SO ORDERED.**

**DATED: August 24, 2020**

*s/ Staci M. Yandle*_____
**STACI M. YANDLE**
**United States District Judge**