IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KARNELL NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-482-RJD |
| | ) | |
| JEFFREY DENNISON, TIFFANY BETTIS, | ) | |
| and LU WALKER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant Bettis' Motion for Leave to File Answer and Vacate Clerk's Default (Doc. 67). For the reasons set forth below, Defendant's Motion is **GRANTED**.

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Shawnee Correctional Center. Plaintiff is proceeding on an Eighth Amendment deliberate indifference claim against Defendants Bettis and Dennison for subjecting him to unconstitutional conditions of confinement.

A request for waiver of service was sent to Defendant Bettis on June 3, 2020 (Doc. 51). The waiver was returned executed on June 5, 2020, and Bettis' answer was due on August 3, 2020 (Doc. 53). No answer was filed. A clerk's entry of default against Defendant Bettis was entered on August 25, 2020 (Doc. 63).

Defendant Bettis filed the now before the Court on September 3, 2020 (Doc. 67). In her motion, Bettis explains that after executing the waiver, she assumed counsel would be retained to

represent her interests.  However, there was an inadvertent paperwork processing oversight by Wexford Health Sources, Inc., which delayed assignment of counsel.  Bettis received notice that no attorney had entered an appearance on her behalf when the Court entered its default on September 2, 2020.  Following this notice, counsel has taken swift action and filed a notice of appearance the motion now before the Court.  Counsel also indicates he has started drafting Bettis' answer.

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for good cause.  The Seventh Circuit has remarked that in order to vacate an entry of default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."  *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted).

Here, the Court finds that Defendant Bettis has shown good cause for her default. Defendant explains that she failed to file a timely answer due to an inadvertent error of her employer, Wexford Health Sources, Inc.  Bettis has also acted quickly in seeking to correct her mistake, filing a motion to vacate the clerk's entry of default on September 3, 2020, just one day after receiving notice that counsel had not entered on her behalf.  Finally, the Court finds that denying Bettis' motion to vacate the entry of default would undermine the notion that cases should be decided on the merits.

For these reasons, Defendant Bettis' Motion for Leave to File Answer and Vacate Clerk's Default (Doc. 67) is **GRANTED**.  The Clerk's entry of default entered on August 25, 2020 is **VACATED**.

Defendant Bettis shall file her answer to Plaintiff's complaint by **October 15, 2020**.

**IT IS SO ORDERED.**

**DATED: October 8, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**